The first case is United States v. DAVIS. Good afternoon. I'm Jerry Watley. I represent the appellant, DAVIS. And I'm prepared to shorten the calendar by submitting a list of questions. I have only one question. Am I right in my conclusion that the vulnerable victim enhancement doesn't matter if we don't change anything else? I'm awfully sorry, Your Honor. That the way the numbers work out, the vulnerable victim enhancement does not matter. I think in my briefing I took the position that, one, the victims weren't vulnerable, but even those two victims which arguably were vulnerable. I'm just asking whether it matters in the numbers. Suppose we agreed with you. Would it make any difference? I think it should matter. All the guidelines seem to say if a victim was vulnerable. I'm not making myself clear. I have the same question, I think. My thought was that if you have grouping, then you don't add two points for vulnerable victim anyway. You just add for the other offense the identical amount, whether you have vulnerable victims or not. So you wouldn't get a longer sentence. Is that true? I think that's correct. I think that's correct. Okay. And my other question, I guess, was on the guidelines. It looked to me as though the crime was in 96 and the sentencing was in 2001, so you apply the 2001 guidelines unless they would result in a longer sentence than the guidelines in effect at the time of the offense. They would, so you apply the 1996 guidelines, which are the same as the 2000 guidelines. Is that correct? Over the last few days, Your Honor, I've come to the painful conclusion that perhaps my argument on that issue wasn't one of my better days or finest hours, as Governor Gray Davis said the other day. A lot of people get tangled in these details. I don't think there's any such thing as plain error on grouping because grouping is so complicated. It takes care of our questions, I guess, if you wish to reserve the rest of your time. Okay. Thank you. Thank you, counsel. May it please the Court, Gregory Weingart of the United States. To follow up on the two questions that the panel asked Mr. Watley, I believe it is correct that the vulnerable victim would not make a difference because the way the sentence was calculated, the money laundering was a 27. It was 25 for the fraud. If it went down to 23, whether it's a one- to four-level difference, there would still be a two-level grouping adjustment. So it would not ultimately have an impact on the sentence that alone. And similarly, it's also clear that the 2001 guidelines would result in a higher sentence than the 1996 guidelines. I believe that's clear, yes, for the reasons that we set forth the calculation in our brief, and he would end up at least three levels higher because the loss enhancement would be larger, would be 16, I believe, instead of 11. And there was also, although more than minimum planning dropped out, there's an enhancement for the number of victims, and there were more than ten victims, so he would be liable for that adjustment as well. So he would have been worse off under the 2001 guidelines. And following up on Judge Kleinfeld's question, the 1996 and 2000 guidelines, they are the same with regard to the various enhancements that were imposed by the district court. So unless the panel has any other questions, I'm also prepared to submit. Roberts. Thank you, counsel. Thank you. I'm still prepared to submit unless there's other further questions. Thank you, counsel. Thank you, counsel. United States v. Davis is submitted.
judges: Kleinfeld, Wardlaw, Berzon